IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL CHEROMIAH, Individually, and
DIANE M. CHEROMIAH, Individually and as
Personal Representative of the ESTATE OF
MICHAEL D. CHEROMIAH, deceased,

      Plaintiffs,

vs.                                                      NO. CIV 98-1353 MV/RLP

UNITED STATES OF AMERICA, dba
ACOMA CANONCITO LAGUNA HOSPITAL,
PHILLIP FRIEDMAN, M.D., and JOHN DOES
1-4, agents unknown of the United States or
ACL Hospital,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant United States of America's Motion to Dismiss and for Substitution, filed January 12, 1999 **[Doc. No. 7]**; Defendant United States of America's Motion to Dismiss Count VI for Lack of Subject Matter Jurisdiction and to Dismiss Duplicative Complaint in its Entirety, filed February 12, 1999 **[Doc. No. 12]**; and Plaintiffs' "Motion for Sanctions," contained in their Response Brief to Defendant's Motion for Substitution, filed January 12, 1999 **[Doc. No. 9]**. The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed, finds that both Defendant's Motions are well taken and will be **GRANTED**, and that Plaintiffs' Motion is not properly before the Court and will therefore be **DENIED**, as explained below.

1

**BACKGROUND**

The Complaint in the present case is the second to be filed by Plaintiffs Michael Cheromiah (senior) and Diane M. Cheromiah regarding the death of their son Michael Cheromiah, allegedly as a result of medical malpractice at a Government-run Indian Health Services Hospital. In *Cheromiah I*, 97-1418-MV/RLP, Plaintiffs named the United States Government and Dr. Gerald Hepnar, asserting claims of negligence and violations of the Emergency Medical Treatment and Active Labor Act. In the present case, *Cheromiah II*, Plaintiffs name the United States Government and Dr. Phillip Friedman, pleading the exact same facts and claims, with the addition of one new count. Count VI of the Complaint in *Cheromiah II*, entitled "Sanctions," seeks monetary damages from the United States Government as a result of alleged discovery violations in *Cheromiah I*. Specifically, Plaintiffs assert that had Defendant's attorney responded to their repeated requests to determine whether Dr. Friedman was acting in the scope and course of his employment with the United States Government at the time of the events in question, the filing of the second Complaint would not have been necessary.

Defendant United States now moves to substitute itself in lieu of Dr. Friedman, to dismiss Count VI for lack of subject matter jurisdiction, and to dismiss the remaining Complaint in *Cheromiah II* as duplicative of *Cheromiah I* in its entirety. Plaintiffs do not contest any of these issues but rather argue that Defendant should be sanctioned for its discovery violations.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction typically take two forms: a facial challenge or a factual challenge. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial challenge is an attack on jurisdiction that questions the sufficiency of the complaint. *Id.* In reviewing a facial attack on a complaint, the court must accept the allegations in the complaint as true. A factual attack on subject matter jurisdiction challenges the facts upon which subject matter jurisdiction depends. *Id*. In reviewing a factual attack on subject matter jurisdiction, a court may not presume the truthfulness of the complaint's factual allegations but must go beyond the allegations and evaluate the evidence presented by the parties. *Id.* While the court may refer to evidence extraneous to the complaint in making appropriate factual findings on jurisdictional issues, it generally cannot convert a 12(b)(1) motion into one for summary judgment. *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987).

A court, however, is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt,* 46 F.3d at 1003; *Wheeler*, 825 F.2d at 259

n.5. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt,* 46 F.3d at 1003.

## ANALYSIS

Defendant United States moves to dismiss Dr. Friedman from the Complaint, to dismiss Count VI for lack of subject matter jurisdiction, and to dismiss the remaining Complaint as duplicative of *Cheromiah I*. Plaintiffs do not oppose these motions but rather argue that Defendant should be sanctioned for its conduct. The Court finds that Defendant's motions are well taken and that Plaintiffs' request for sanctions is not properly before the Court.

First, Defendant United States moves to substitute itself in lieu of Dr. Friedman because Dr. Friedman was acting in the scope and course of his employment with the United States Government during the events alleged. *See* 28 U.S.C. §§ 1346(b), and 2671-2680 (providing that claims for torts committed by employees of the United States acting in the course of their employment may be pursued only against the Government, not the individual employee, and providing for substitution.) Plaintiffs agree that substitution is proper and therefore "consent" to the substitution "provided that" Defendant is sanctioned for its discovery violations. Plaintiffs appear to have lost sight of the fact that the Court does not require its consent, and its proviso is thus ineffective. The law unequivocally provides for substitution; therefore, the United States Government will be substituted in place of Dr. Friedman who will be dismissed from the Complaint.

Defendants next argue that Count VI for "Sanctions" must be dismissed as it is a claim for money damages sounding in tort and the Plaintiffs, by failing to file an administrative claim, have not

4

met the jurisdictional prerequisites of the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hart v. Dept. of Labor ex rel. United States*, 116 F.3d 1338, 1339 (10th Cir. 1997). Plaintiffs do not respond to this argument but simply assert that this Court should sanction Defendant for its conduct. While Plaintiffs may very well be correct that the Court should grant a *motion* for sanctions against Defendant, filing a Complaint seeking damages under the title "Sanctions" is not the proper means of pursuing that option. The Court fails to see how this claim even states a cause of action. Regardless, the Defendant's objection is well taken and Count VI will be dismissed as the Plaintiffs have failed to satisfy the jurisdictional prerequisite for pursing a claim of money damages against the United States Government. *McNeil*, 508 U.S. at 113.

Having dismissed Dr. Friedman and Count VI, the remaining Complaint is completely duplicative of the Complaint in *Cheromiah II* and must therefore be dismissed.

Finally, in their Response to Defendant's Motion for Substitution, Plaintiffs move for sanctions against Defendant. However, the Court cannot consider this motion as it is not properly before the Court for two reasons: (1) the motion was not filed as a separate motion or in packet form as required by the local rules, *see* Loc. R. D.N.M. 7; and (2) the motion seeks sanctions for discovery violations in *Cheromiah I*. Therefore, the motion for sanctions should be filed in that case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant United States of America's Motion to Dismiss and for Substitution **[Doc. No. 7]** is hereby **GRANTED**; that Defendant United States of America's Motion to Dismiss Count VI for Lack of Subject Matter Jurisdiction and to Dismiss Duplicative Complaint in its Entirety **[Doc. No. 12]** is hereby **GRANTED**; and Plaintiffs' "Motion

5

for Sanctions" **[Doc. No. 9]** is hereby **DENIED**. The Complaint is hereby **DISMISSED WITH PREJUDICE**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Randi McGinn

Attorneys for Defendants:
    Madeline Henley